UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62826

HANH DANH,

    Plaintiff,

v.

ANDREU, PALMA, LAVIN & SOLIS, PLLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff HANH DANH ("Plaintiff") sues Defendant ANDREU, PALMA, LAVIN & SOLIS, PLLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

PAGE | **1** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is Florida professional limited liability company, with its principal place of business located in Miami, Florida.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff owes the current creditor, Bank of America, on an unsecured line of credit afforded to, and utilized by, Plaintiff for personal and familiarly purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

15. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

17. On a date better known to Defendant, Defendant sent a collection letter dated October 14, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

18. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

19. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

20. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

21. Defendant did not exercise any professional judgment, as an attorney, before mailing the Collection Letter to Plaintiff.

22. Defendant did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

23. Defendant did not send the Collection Letter to Plaintiff in Defendant's capacity as an attorney.

24. Defendant sent the Collection Letter to Plaintiff in Defendant's capacity as a debt collector.

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692g(a)(1), § 1692e, § 1692e(2)(A), & § 1692e(10)**

25. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by and through the Collection Letter it mailed to Plaintiff in an attempt to collect the Consumer Debt. Here, the Collection Letter fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor, falsely represents the character and/or amount of the debt, and utilizes false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiffs. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

27. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

28. In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§ 1692e(2)(A) and (10).

29. Here, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement. Critically, however, the amount that the current creditor is entitled to recover from Plaintiffs goes much further.

30. Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the current creditor the full amount listed in the collection letter Defendant mailed to the consumer *regardless* of how much time has lapsed. Here, the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, continues to accrue fees and interest, of which is compounded on a daily basis.

31.     The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

32.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letter, Defendant did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single

PAGE | **5** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sum; Defendant did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant did not state whether the consumer debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant did not state how or when the purported amount owed by the consumer had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

33. Thus, in light of the forgoing, Defendant violated § 1692g(a)(1), § 1692e, § 1692e(2)(A), and § 1692e(10) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692e(3)

34. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

35. Defendant violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff.  *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was

PAGE | **6** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

probable cause to believe that the recipient actually owed the amount claimed by the creditor."). As such, by and through the Collection Letter, Defendant violated § 1692e(3) of the FDCPA.

### *COUNT III.*
### VIOLATION OF FLA. STAT. § 559.72(11)

36. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

37. Defendant violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

38. For example, Defendant, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. Here, among other things, Defendant's attorney letterhead, causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, as an attorney, prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by Defendant in Defendant's capacity as a debt collector – not an attorney. As such, by and though the Collection Letter, Defendant violated § 559.72(11) of the FCCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

PAGE | **7** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b)   Statutory damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)   An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)   Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e)   Any other relief that this Court deems appropriate and just under the circumstances.

DATED: November 13, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:          855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com