**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-62826-CIV-ALTMAN**

**HANH DANH,**

    *Plaintiff,*

v.

**ANDREU, PALMA, LAVIN & SOLIS, PLLC,**

    *Defendant.*
_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **December 7, 2020**. Counsel for all parties shall also appear at a calendar call at **1:45 p.m. on December 1, 2020**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 207A at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The parties shall adhere to the following schedule:

> **January 28, 2020**.  The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must be emailed to altman@flsd.uscourts.gov in Word format. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as the impasse becomes clear, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.[1] Within **three (3) days** of the mediation, the parties shall file a joint mediation report with the Court. The report shall indicate whether the case settled (in full or in part), whether it was adjourned,

---

[1] Pursuant to Local Rule 16.2(e), the appearance of counsel and each party (or the representatives of each party with full authority to enter into a full and complete compromise and settlement) is mandatory. The Court may impose sanctions against parties and/or counsel who do not comply with these attendance or settlement authority requirements. The mediator shall report non-attendance to the Court and may recommend the imposition of sanctions for non-attendance.

or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**February 28, 2020**. The parties shall file all motions to amend pleadings or to join parties.

**June 15, 2020**. The parties shall exchange expert witness summaries or reports.

**June 29, 2020**. The parties shall exchange rebuttal expert witness summaries or reports.

**July 17, 2020**. All discovery, including expert discovery, shall be completed.[2]

**July 24, 2020**. The parties must have completed mediation and filed a mediation report.

**August 31, 2020**. The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. **The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).**

**October 13, 2020**. The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

<u>**Jury Instructions and Verdict Form**</u>. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including

---

[2] The parties may, by agreement or with the consent of the paired Magistrate Judge, extend any deadline relating to fact or expert discovery so long as that extension does not interfere with any of the other deadlines contained in this Scheduling Order.

the directions to counsel contained therein. The parties shall submit, in Word format via e-mail to altman@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the calendar call. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all pretrial non-dispositive and discovery matters are hereby referred to United States Magistrate Judge Patrick M. Hunt. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Hunt. **The deadline for submitting a consent is August 31, 2020.**

**Good Faith Conferral**.  For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**.  **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.** Counsel must actually confer and engage in reasonable compromise in a

genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall **not** file written motions. Rather, the "moving party" shall follow Magistrate Judge Hunt's standard discovery procedures. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Hunt at (954) 769-5470.

**Summary Judgment**.  In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a *Joint Statement of Undisputed Facts*, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

**Trial Exhibits**.  All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Voir Dire Questions**.  The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to altman@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually

5

and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Settlement Notification**.  If this matter is settled, counsel shall inform the Court promptly via telephone (954-769-5680) and/or e-mail (altman@flsd.uscourts.gov).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of January 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record